Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HUONG TRINH, an Individual,<br><br>       Plaintiff,<br><br>  v.<br><br>SHRINER'S HOSPITAL, a corporation,<br><br>       Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $400,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

  COMES NOW, Plaintiff Huong Trinh, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

  This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation.

In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Shriner's Hospital.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Huong Trinh, lives in Clark County, Washington and worked at all times relevant to this Complaint in Multnomah County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about October 8, 2022.

2.

At all material times, Plaintiff was a resident of Clark County, Washington.

3.

At all material times, Defendant Shriner's Hospital for Children was regularly conducting business in the State of Oregon, specifically at the facility located at 3101 SW Sam Jackson Park Road, Portland, Oregon, 97239, known also as the Shriner's Hospital for Children.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Beginning in June of 2018, Plaintiff worked as an in-patient registered nurse for four years at the Defendant's facility in Portland, Oregon. In her role as an in-patient nurse, Plaintiff worked directly with pediatric patients hospitalized with a variety of illnesses, injuries, and other medical conditions. Plaintiff is a well-regarded nurse, a hard worker, and worked without any

professional issues until the COVID-19 pandemic.

6.

Plaintiff is also deeply religious person who follows tenants of both the Christian faith and Buddhism. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. As a registered nurse focused on direct patient care for hospitalized patients, Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she herself may have been infected with the virus

9.

Despite those risks, Plaintiff continued to provide an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining if necessary.

10.

On December 18, 2020, Plaintiff was notified of information regarding the COVID-19 vaccine by the Defendant's infection control nurse, Mary Post. Specifically, Plaintiff learned that the Defendant would be implementing and enforcing a vaccine mandate in the workplace.

Plaintiff was informed that those individuals with religious beliefs in conflict in conflict with taking the vaccine could apply for a religious exemption to the vaccine mandate. As a devoutly religious person, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body.

11.

On or about September 16, 2021, Plaintiff received an email from the Defendant notifying staff that it was adopting its version of the vaccine mandate requiring all staff to be vaccinated. The email announcement cited the Oregon Health Care COVID-19 Temporary Administrative Order OAR 333-019-1010. Included in the email was an attachment for any staff that wished to request an exemption on the basis of their sincerely held religious beliefs. Plaintiff filed the formal paperwork for a religious exemption on October 1, 2021, anticipating it would be granted.

12.

On October 13, 2021, Plaintiff was notified that her religious exemption had been denied and that she would be terminated.

13.

On or about October 18, 2021, an agent of Defendant, Pam Scott, sent notice to all staff who remained at Shriner's Hospital for Children of the list of staff members terminated due to their vaccine status. Plaintiff was chagrined by the very public notice of her private health information being disseminated to her colleagues; she had wrongly assumed that her employment status would be communicated directly to her.

14.

Plaintiff attempted to appeal her termination internally, but gained no traction.

15.

The termination of Plaintiff's pay and retirement benefits has had a significantly negative impact on her life. Prior to her effective termination, Plaintiff was earning approximately

$96,000.00 annually with a generous benefits package, including at 403b retirement account in which she invested the maximum amount. Plaintiff was forced to apply for unemployment and spent many months attempting to find comparable employment.

16.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating her being placed on unpaid administrative leave.

17.

Plaintiff's termination date should be treated as October 18, 2021.

18.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk, but rather were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant that would have caused no or *de minimus* burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

19.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic lost, severe stress, and anxiety.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity and Buddhism.

21.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

23.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

25.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity and Buddhism.

26.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

27.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

28.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

29.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 29th day of December, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff