IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HUONG TRINH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHRINERS HOSPITALS FOR CHILDREN**, a corporation,<br><br>Defendant. | Case No. 3:22-cv-01999-SB<br><br>**ORDER ADOPTING F&R WITH CLARIFICATION** |

Caroline Janzen, Rugged Law, Inc., 4550 SW Hall Blvd., Beaverton, OR 97005. Attorney for Plaintiff.

Sarah Ames Benedict and Meagan A. Himes, Davis Wright Tremaine LLP, 560 SW 10th Ave., Suite 700, Portland, OR 97205. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portion of the Findings and Recommendation ("F&R") to which Defendant objected. For the following reasons, the Court ADOPTS Judge Beckerman's F&R with clarification.

### STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – ORDER ADOPTING F&R WITH CLARIFICATION

28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Defendant does not ask this Court to reject the F&R's recommendation to deny its Motion to Dismiss. Instead, Defendant objects to the F&R "on two grounds, with the objective of clarifying this evolving area of case law." Objections, ECF 46 at 1. First, Defendant argues that the F&R misconstrues Defendant's argument regarding the alleged fungibility of Plaintiff's stated religious belief. Second, Defendant argues that the F&R misreads recent Supreme Court precedent to require an individualized assessment and consideration of other options to evaluate undue hardship in every case. Each is discussed below in turn.

### A. Fungibility

In its Motion to Dismiss, Defendant argued that Plaintiff's "stated belief is not 'religious' in the sense protected by Title VII, even though couched in terms of Christianity and Buddhism, because it is fungible enough to impermissibly allow her to avoid all unwanted legal obligations." Motion to Dismiss ("Mot."), ECF 25 at 21–22 (first citing *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981); and then citing *Ulrich v. Lancaster Gen. Health*, No. CV 22-4945, 2023 WL 2939585, at *4 (E.D. Pa. Apr. 13, 2023)). In its Objections, Defendant argues that the F&R "misconstrues" this "fungibility argument." ECF 46 at 1. Defendant maintains that

PAGE 2 – ORDER ADOPTING F&R WITH CLARIFICATION

the fungibility of an alleged religious belief "is unrelated to the sincerity of that same belief." *Id.* at 1–2. Defendant argues that the F&R "conflates" its argument about the fungibility of Plaintiff's beliefs "with an assessment of [their] sincerity." *Id.* at 2. Defendant further states that the fungibility argument "is not (and need not be) predicated on the position that" Plaintiff's beliefs are insincere. *Id.* at 6.

Plaintiff responds that "[t]his is a distinction without a difference and impermissibly asks this Court to act as a religious commission, which Title VII does not allow." Resp., ECF 47 at 5. Plaintiff argues that, under Defendant's interpretation, employers would "become a theological counsel commissioned to determine which beliefs are religious and which beliefs are too 'fungible' to be protected by Title VII" and "some religious beliefs undoubtedly will be favored over others." Resp., ECF 47 at 7. Plaintiff does not, however, respond to Defendant's contention that fungibility and sincerity are distinct.

Defendant is correct that the F&R understands Defendant's fungibility argument as "implicating the sincerity of [Plaintiff]'s beliefs." F&R, ECF 40 at 22. In its Motion, Defendant challenged the religious nature of the stated belief, not its sincerity. *See* Mot., ECF 25 at 15 ("[Plaintiff]'s religious discrimination claim fails because she does not allege her *religious* belief . . . ." (emphasis in original)). This Court clarifies that, while fungibility of a stated belief may implicate its sincerity,[1] fungibility and sincerity are distinct legal concepts. *See Ulrich*, 2023 WL 2939585, at *4–6 ("Before considering the sincerity of [plaintiff]'s beliefs, the Court must initially determine whether [plaintiff]'s alleged opposition to COVID testing is based on religion,

---

[1] As this Court noted in *Gamon v. Shriners Hosps. for Child.*, No. 3:23-CV-00216-IM, 2024 WL 641715, at *5 (D. Or. Feb. 15, 2024), "the implications that potentially follow from [p]laintiff's alleged religious beliefs . . . might bear on the sincerity of those beliefs at a later stage in this litigation."

and is therefore protectable under Title VII."); *Africa*, 662 F.2d at 1036 (holding plaintiff's "sincerely-held beliefs . . . are not 'religious'" under the First Amendment,[2] without analyzing sincerity, which was undisputed); *Medrano v. Kaiser Permanente*, No. 23-CV-02501, 2024 WL 3383704, at *4 (C.D. Cal. July 10, 2024) (holding plaintiff failed to prove a bona fide religious belief under Title VII, without analyzing its sincerity, because her asserted belief "is 'fungible enough to cover anything [Plaintiff] trains it on'" (quoting *Ulrich*, 2023 WL 2939585, at *5)). Neither this distinction nor the fungibility analysis turns employers into a "theological counsel" or favors certain religious beliefs over others. Rather, "the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests." *Jones v. Bradley*, 590 F.2d 294, 295 n.2 (9th Cir. 1979) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215–16 (1972)). Thus, in this case, the F&R should not have construed Defendant's fungibility argument as implicating the sincerity of Plaintiff's stated belief.

**B.  Individualized Assessment**

Defendant argues that "the F&R misconstrues an aspect of the undue hardship standard" under *Groff v. DeJoy*, 143 S. Ct. 2279 (2023). Objections, ECF 46 at 2. Defendant maintains that *Groff* "does not require evidence of any 'individualized assessment' of undue hardship at the time of a given plaintiff's accommodation request, where the employer can provide during litigation evidence that the requested accommodation for anyone serving in the plaintiff's role would have been a substantial burden given what the employer knew at the time." *Id.* (emphasis omitted). Defendant further argues that the F&R was mistaken in relying on the interpretation of *Groff* set forth in *Malone v. Legacy Health*, No. 3:22-CV-01343-HZ, 2024 WL 3316167 (D. Or.

---

[2] While *Africa* was a First Amendment case, it "has frequently been cited in Title VII cases." *Ulrich*, 2023 WL 2939585, at *5.

PAGE 4 – ORDER ADOPTING F&R WITH CLARIFICATION

July 5, 2024). Plaintiff responds that *Groff* requires that Defendant "demonstrate that this Plaintiff's religious beliefs would have posed a substantial and unavoidable burden on its operations, considering all available options for accommodation." Resp., ECF 47 at 8 (emphasis omitted). The F&R recommends denying Defendant's Motion to Dismiss in part because Defendants presented no evidence of "an individualized assessment of [Plaintiff]'s situation or any potential options" as "required" under *Groff*. ECF 40 at 39, 41 (citing *Malone*, 2024 WL 3316167, at *4).

*Groff* requires the employer asserting an undue hardship defense to show that "granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." 143 S. Ct. at 2281. While the undue hardship standard, as clarified under *Groff*, requires courts to consider the "practical impact" of "the particular accommodations at issue," *id.* at 2295, this standard does not require courts to determine in every case whether the employer considered other possible accommodations not proposed by the employee, as explained below. *See Smith v. City of Mesa*, No. CV-21-01012, 2023 WL 8373495, at *5 (D. Ariz. Dec. 3, 2023) ("[I]n certain circumstances, assessing one alternative is not enough and '[c]onsideration of other options . . . would be necessary.'") (omission in original) (quoting *Groff*, 143 S. Ct. at 2297)).

The Supreme Court stated in *Groff*:

> Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations. This distinction matters. Faced with an accommodation request like Groff's, it would not be enough for an employer to conclude that forcing other employees to work overtime would constitute an undue hardship. Consideration of other options, such as voluntary shift swapping, would also be necessary.

PAGE 5 – ORDER ADOPTING F&R WITH CLARIFICATION

143 S. Ct. at 2296–97 (citations omitted). In this district, the Court in *Malone* denied the defendant hospital system's motion for summary judgment on the plaintiff's failure-to-accommodate claim because "the record [was] murky" as to the "other options" the defendant considered. 2024 WL 3316167, at *1, 4. This reading of *Groff* imposes a rigid requirement that employers must always consider a range of accommodations, including possible accommodations not requested by the employee. *See id.* at *4 (suggesting that the defendant must establish "what other safety precautions or positions existed at the time, what accommodations were considered for [p]laintiff, and why those would be an undue hardship on [d]efendant's business"). This Court disagrees.

First, *Groff* did not change longstanding Title VII principles. *Groff* set out to "clarify" the Title VII undue hardship standard, *Groff*, 143 S. Ct. at 2286; *see also Groff*, 143 S. Ct. at 2296 ("We have no reservations in saying that a good deal of the EEOC's guidance in this area is sensible and will, in all likelihood, be unaffected by our clarifying decision today."), not add an extra step to the analysis that did not exist in prior case law. The longstanding Title VII failure to accommodate framework in this Circuit is that the employer must show "'*either* that it initiated good faith efforts to accommodate reasonably the employee's religious practices *or* that it could not reasonably accommodate the employee without undue hardship.'" *Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023) (emphasis added) (quoting *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998)). Requiring proof of undue hardship in every case for all possible reasonable accommodations would conflate these two

distinct analyses.[3] If *Groff* intended to fundamentally change Title VII case law in this area, it would have done so explicitly.

Second, a broad interpretation of *Groff* is wrong as a textual matter. The phrase, "[f]aced with an accommodation request like Groff's," qualifies and thus limits the remainder of the sentence. Groff was a postal worker who sought a religious accommodation to not work on Sundays. *Groff*, 143 S. Ct. at 454–55. Under those circumstances, considering obvious alternative accommodations like shift-swapping was necessary. The language of *Groff* does not require similar consideration when faced with accommodation requests that do not have similarly obvious alternatives because the employee is an in-person healthcare worker during a global pandemic.

Third, the sources cited by the *Groff* Court for these sentences support a narrower interpretation. The *Groff* Court cites *Adeyeye v. Heartland Sweeteners, LLC*, a case in which the employee requested a religious accommodation of several weeks of unpaid leave to travel to participate in religious rites. *Groff*, 143 S. Ct. at 2296 (citing 721 F.3d 444, 455 (7th Cir. 2013)). Although *Adeyeye* states that the employer moving for summary judgment "must show, as a matter of law, that any and all accommodations would have imposed an undue hardship," 721 F.3d at 455, this dictum had no bearing on the *Adeyeye* court's decision. Rather, the *Adeyeye* court reversed the grant of summary judgment for defendant because the *requested* accommodation, unpaid leave, did not pose an undue hardship under Supreme Court precedent. *Id.* The court did not evaluate any "other options." *See id. Groff* also cites the Solicitor General's

---

[3] Other courts, pre-*Groff*, likewise analyzed the employee's *requested* or *proposed* accommodation in assessing undue hardship. *See, e.g.*, *Harrell v. Donahue*, 638 F.3d 975, 979–82 & 979 n.6 (8th Cir. 2011); *Virts v. Consol. Freightways Corp. of Delaware*, 285 F.3d 508, 517–21 (6th Cir. 2002); *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 275 (5th Cir. 2000).

PAGE 7 – ORDER ADOPTING F&R WITH CLARIFICATION

brief, 143 S. Ct. at 473, but the cited pages make no mention of a rule requiring the consideration of other options. *See* Brief for the Respondent at 30, 33, 39, *Groff v. DeJoy*, 143 S. Ct. 447 (2023) (No. 22-174). Rather, the cited pages emphasize that the undue hardship decision is context-specific, which counsels against reading a mandate into the final sentences of *Groff*.

Fourth, in the context of vaccine-mandate cases like this one, it would be unworkable to impose an "other options" requirement. In vaccine-mandate cases, the employer is not presented with a *Groff*- or *Adeyeye*-like accommodation request for certain weekdays or weeks off. The option does not exist for an unvaccinated nurse like Plaintiff to simply swap shifts or take a few weeks' unpaid leave.

Plaintiff cites *Hebrew v. Texas Department of Criminal Justice*, 80 F.4th 717 (5th Cir. 2023), as requiring employers to consider other options in every case. Resp., ECF 47 at 8. This case concerned a Title VII suit brought by a correctional officer who refused to cut his hair and beard, not the asserted burden of an unvaccinated employee within the healthcare context. *Hebrew*, 80 F.4th at 719. This Court declines to follow this non-binding precedent.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Defendant objected. Judge Beckerman's F&R, ECF 40, is adopted in full and clarified by the above discussion. This Court DENIES Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment, ECF 25.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge